IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **KWANE DOZIER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 5:23-CV-418-MTT-CHW |
| | : | |
| **CENTRAL STATE PRISON,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

# ORDER

Plaintiff Kwane Dozier, an inmate currently housed at the Augusta State Medical Prison in Grovetown, Georgia[1], has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1) and numerous affidavits in support of that Complaint. Plaintiff also seeks leave to proceed *in forma pauperis* (ECF No. 2) and has filed two motions to release funds from his prison trust fund account (ECF Nos. 3, 12).

For the following reasons, Plaintiff is **ORDERED** (1) to pay the Court's $405.00 filing fee in full or submit a complete and proper motion to proceed *in forma pauperis* and (2) to recast his Complaint on the Court's standard form to include each claim he wants the Court to consider in this action. Plaintiff's motions to release funds are **DENIED as moot.**

---

[1] Although Plaintiff has not notified the Court of any change in his mailing address, Plaintiff's most recent correspondence was mailed from the Augusta State Medical Prison and the Georgia Department of Corrections online offender query confirms that Plaintiff is housed in that facility. *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQry Redirector.jsp (searched "Dozier, Kwane") (last accessed Dec. 6, 2023). The Clerk is thus **DIRECTED** to update the docket to reflect Plaintiff's current mailing address.

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has moved for leave to proceed in this action without prepayment of the Court's filing fee. A prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff failed to submit a copy of his prison trust fund account information, certified by the appropriate prison official. Accordingly, Plaintiff is **DIRECTED** to either pay the Court's $405.00 filing fee in full or submit a complete and proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number for the above-captioned action.

Plaintiff has also filed two motions requesting that the Court direct prison officials to release funds from his prison trust fund account to pay the filing fee. Once Plaintiff submits a complete and proper motion for leave to proceed *in forma pauperis*, the Court will review Plaintiff's submissions and determine whether Plaintiff is entitled to proceed *in forma pauperis* and whether he will be required to pay an initial partial filing fee before further processing of his case. If the Court determines that funds need to be deducted from Plaintiff's prison trust fund account, the Court will direct prison officials to do so. Plaintiff's motions requesting an order directing prison officials to deduct funds at this time (ECF Nos. 3, 12) are therefore premature, and they are **DENIED** as such.

**ORDER TO RECAST**

The claims in Plaintiff's Complaint arise from his incarceration at the Central, Dooly, and Baldwin State Prisons, and he names more than two dozen individuals as Defendants in this action. Compl. 6-7, ECF No. 1. As best as the Court can tell, Plaintiff is claiming that Debra Collins, the mother of the individual Plaintiff was convicted of murdering, "has persistently tried to have [Plaintiff] killed" in prison. *Id.* at 11. Plaintiff contends he was diagnosed with a sleeping disorder in June of 2020, "which unfortunately played into [Defendant Collins'] hands." *Id.* Plaintiff alleges "Collins paid multiple inmates to sexually assault [Plaintiff] while [he] slept, taking advantage of [his] condition and using it as a form of revenge." *Id.* In addition, Plaintiff contends Defendant Collins "had a device implanted in [Plaintiff's] right ear that not only has the ability to read [Plaintiff's] thoughts but also to delve into [his] past and future." *Id.* Plaintiff believes Defendant Collins "used this device to determine if [Plaintiff] possessed any knowledge about her son's murder, taking the law into her own hands and seeking her own form of justice." *Id.* Plaintiff also suggests Defendant Collins is manipulating Plaintiff's legal mail and attempting to interfere in the prosecution of this lawsuit. *See, e.g., id.* at 12.

Plaintiff's contentions that Defendant Collins orchestrated the attacks on Plaintiff, inserted a mind-reading device into Plaintiff's brain, and has otherwise interfered with Plaintiff's incarceration are quite frankly delusional, and they could be dismissed as such. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (district court has discretion to dismiss "factually frivolous" claims, i.e., where facts alleged are "fanciful," "fantastic," or "delusional"). Even if these claims were plausible, they are against a private party not

acting under color of state law, and therefore do not raise a federal question under 42 U.S.C. § 1983.

At the same time, however, some of Plaintiff's allegations could give rise to plausible claims. For example, Plaintiff contends he was attacked multiple times at the prisons in which he was housed, denied adequate medical care, and intentionally placed near at least one of his attackers to provide "entertainment" for the officers. *See, e.g.,* Compl. 14, ECF No. 1. Plaintiff also contends his food was tampered with, his phone privileges were improperly restricted, he did not have running water in one of his cells, and his mail was interfered with, among other things.

The Federal Rules of Civil Procedure do not allow Plaintiff to include every imaginable claim that he may have against any state official in a single complaint. Instead, the rules permit a plaintiff to join only related claims and defendants in a single complaint. To properly join defendants under Federal Rule of Civil Procedure 20(a)(2), the plaintiff must establish that he is asserting a right to relief against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and that "any question of law or fact common to all defendants will arise in the action." The Eleventh Circuit applies the "logical relationship" test to determine whether claims arise from the same transaction or occurrence for joinder purposes. *See, e.g., Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. Corp. of Fla.*, 755 F.2d 1453,

4

1455 (11th Cir. 1985)).[2]  "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455 (internal quotation marks omitted).

In this case, the Court simply cannot tell how all the potential claims in Plaintiff's Complaint are related for purposes of these joinder rules.  Furthermore, Plaintiff has filed multiple affidavits which contain factual allegations or claims that Plaintiff may wish to make part of this lawsuit.  *See, e.g.,* Attach. 2 to Pl.'s Aff. 1, Nov. 30, 2023, ECF No. 14-2 (raising claims that prison officials retaliated against Plaintiff when he was "subjected to a negative transfer to Augusta State Prison").  It is thus necessary to clarify the scope of this litigation.

Plaintiff is accordingly **ORDERED** to recast his Complaint entirely, to include all amendments and facts he wishes to make a part of this case.  The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

---

[2] The standard for whether claims arise from the same transaction or occurrence for Rule 20 purposes is the same as that used for compulsory counterclaims under Federal Rule of Civil Procedure 13.  *See Smith*, 728 F. Supp. 2d at 1319.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that he will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure.  Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.  Finally, Plaintiff is advised that the Court will not consider factual allegations that "rise to the level of the irrational or the wholly incredible" and will dismiss any claims that are "fanciful," "fantastic," or "delusional."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1), Plaintiff's affidavits (ECF Nos. 4, 5, 6, 7, 8, 9, 11, 13, 14, 15), and any other documents that appear to contain factual allegations that may be relevant to this action.  Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.**  The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.  Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.  The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

## CONCLUSION

Based on the foregoing, Plaintiff's motions to release funds (ECF Nos. 3, 12) are **DENIED as moot**, and Plaintiff shall have **FOURTEEN (14) DAYS** to (1) either pay the Court's $405.00 filing fee in full or submit a complete and proper motion to proceed *in forma pauperis* and (2) recast his Complaint on the Court's standard form to include each claim he wants the Court to consider in this action. Plaintiff is further **DIRECTED** to notify the Court immediately and in writing of any change in his mailing address. **Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.** There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 12th day of December, 2023.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge