IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KWANE DOZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-418 (MTT) |
| | ) |
| CENTRAL STATE PRISON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On February 22, 2024, the Magistrate Judge recommended dismissing plaintiff Kwane Dozier's complaint for failure to state a claim. Doc. 29. After the time for filing objections passed, the Court adopted the Magistrate Judge's Recommendation, reviewing it for clear error.[1] Doc. 33. On April 2, 2024, Dozier filed a motion for reconsideration of the Court's order adopting the Recommendation. Doc. 37. The motion for reconsideration states that Dozier did not receive the Court's order (Doc. 33) until March 28, 2024, and requests that the Court "reconsider [Dozier's] claim." Doc. 37. Additionally, the motion contends that Augusta State Medical Prison Staff are withholding Dozier's legal mail and that "Debra Collins and the department of corrections are working together to dismiss [Dozier's] claims." *Id*. at 1-2.

---

[1] On March 28, 2024, Dozier filed a letter stating that he had not received the Recommendation (Doc. 29) until March 16, 2024. Doc. 40 at 1. This letter does not address the substance of the recommendation and essentially restates the allegations in Dozier's complaint. *See id*. As a result, even if this letter was construed as a timely objection, it would have no effect on the Court's decision to adopt the Recommendation.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Dozier's motion restates his claim that he is the subject of an "illegal experiment" and that prison officials installed a "camera" in his left eye "against [his] will at Dooly State Prison." Doc. 37 at 1-2. Additionally, Dozier claims that prison officials have violated his "due process rights" by withholding his legal mail. *Id*. at 2. Dozier does not point to any intervening change in the law, newly discovered evidence, or clear error by the Court as required by Local Rule 7.6. Accordingly, Dozier's motion for reconsideration (Doc. 37) is **DENIED.**

**SO ORDERED**, this 23rd day of April, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
