IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KWANE DOZIER, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-418 (MTT) |
| CENTRAL STATE PRISON, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### ORDER

On February 22, 2024, the Magistrate Judge recommended dismissing plaintiff Kwane Dozier's complaint for improper joinder and failure to state a claim. Doc. 29. After the time for filing objections passed, the Court adopted the Magistrate Judge's Recommendation, reviewing it for clear error. Doc. 33. On April 2, 2024, Dozier moved for reconsideration of the Court's order adopting the Recommendation. Doc. 37. On April 23, 2024, the Court denied Dozier's motion for reconsideration. Doc. 49. On May 6, 2024, Dozier again requested that the Court "reconsider" his "claim do [sic] to newly discovered evidence." Doc. 52.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an

intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Dozier contends the Court should reconsider "this claim" based on "newly discovered evidence." Doc. 52 at 1. Specifically, Dozier alleges five "new" facts:

> 1) 7/23 [Dozier] reported to inmate affairs (grievance) that [he] was sexually assaulted in [his] sleep and inmates posted it (the act) online
> 2) 7/23 [Dozier] was tested for STDs
> 3) 8/23 Nurse Newman stated that the STD results came back negative
> 4) 9/23 [Dozier] was given a sleep study test and never received the results
> 5) 3/6/24 at Augusta State Medical Prison Nurse Sirus stated that [Dozier's] bloodwork from 7/23 at BSP tested positive for hepititas [sic] A Nurse Newman hid these results from me denying me medical treatment. 3/6/24 At Augusta State Medical Prison Nurse Sirus stated that my sleep study results showed that [Dozier] stopped breathing 23 times in [his] sleep.

*Id.* at 1-2. These "new" facts are insufficient to justify reconsideration of the Cour's prior order. First, these facts are not "new" and appear in Dozier's prior filings. *See, e.g.,* Docs. 19-1 at 5; 37 at 2; 41 at 1-2. Second, the Magistrate Judge dismissed Dozier's claims arising from his incarceration after February 2023 for improper joinder and Dozier's "new" allegations do not demonstrate that this conclusion was incorrect. Doc. 29 at 10. Specifically, Dozier's recast complaint alleged multiple claims against more than two dozen defendants arising from his incarceration in Central State Prison ("CSP") from January 2023 until February 2023, Dooley State Prison ("DSP") from February 2023 to April 2023, and Baldwin State Prison ("BSP") from April 2023 to October 2023. Docs. 19; 19-1. Dozier's justification for bringing these claims in the

same lawsuit was that defendant Debra Collins, the mother of the individual Dozier was convicted of murdering, orchestrated the misconduct he experienced at each prison. *See* Doc. 19 at 5.  The Magistrate Judge concluded that Dozier's allegation that "Collins conspired with or directed all the other Defendants to harm him [was] unsupported by specific facts."  Doc. 29 at 6-10.  The Magistrate Judge also considered whether Dozier's sleep disorder could serve as a basis for joinder because many of Dozier's claims stemmed from the defendants' alleged deliberate indifference to this disorder.  Doc. 29 at 9-10.  The Magistrate Judge concluded Dozier's sleep disorder was not a proper basis for joinder because "[t]he events about which [Dozier] complains occurred on different dates and at different prisons, and would require the Court to inquire as to each Defendant's subjective knowledge of the hazards posed by [Dozier's] sleep disorder."  *Id*. at 9.  Thus, the Magistrate Judge determined that Dozier's claims arising from his incarceration at DSP and BSP were not logically related to the claims arising from his incarceration at CSP, dismissal of these claims was proper, and only screened Dozier's claims arising from his incarceration at CSP.  Doc. 29 at 6-10.

Dozier's motion for reconsideration alleges facts arising from his incarceration at BSP and August State Medical Prison.  Doc. 52.  These "new" facts are unrelated to each other and Dozier's allegations of misconduct at CSP.  As a result, Dozier has not presented "new" evidence supporting joinder of his claims and the Magistrate Judge's Recommendation to dismiss those claims for improper joinder, which was adopted by this Court, was appropriate.  Accordingly, Dozier's motion for reconsideration (Doc. 52) is **DENIED.**

**SO ORDERED**, this 5th day of June, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
